**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RHASHEKA MOSS,
an individual,

Case No.:

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES,
a foreign limited liability company,
EXPERIAN INFORMATION SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company

Defendants.

_____________________________________/

## PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION

Plaintiff, Rhasheka Moss, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates Jon P. Dubbeld, Esq. as Lead Counsel for Plaintiff.

## COMPLAINT

**COMES NOW**, Plaintiff, RHASHEKA MOSS (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and TRANS UNION, LLC (hereinafter, "Transunion")(hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action brought by an individual consumer for damages for Equifax, Experian, and Transunion's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Defendants verified objectively-inaccurate information related to s Verizon account (hereinafter, "Verizon") and a Nissan Motors Account (hereinafter, "Nissan") on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Defendants. More specifically, despite Plaintiff being discharged of the Verizon debt through her chapter 7 bankruptcy, Equifax continued reporting the Verizon debt as past due and owing. Despite Plaintiff entering into a reaffirmation agreement with Nissan, Defendants subsequently failed to notate the Nissan account as reaffirmed within the bankruptcy on Plaintiff's credit reports and files.

## JURISDICTION, VENUE & PARTIES

2. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

3. Defendants are subject to the jurisdiction of this Court, as Defendants each regularly transact business in this District.

4. Venue is proper in this District as Defendants each regularly conduct business in this District, and the acts and transactions described herein occur in this District.

5. At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

6. At all material times, Equifax is a foreign limited liability company existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

7. At all material times Experian is a foreign profit corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

8. At all material times, Trans Union is a foreign limited liability company existing under the laws of Delaware with its principal place of business at 555 West Adams Street, Chicago, IL 60661.

**FCRA STATUTORY STRUCTURE**

9. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

10. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

11. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from

before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

12. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

13. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

14. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

15. Under the FCRA, any person who willfully fails to comply with any

requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

16. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## **GENERAL ALLEGATIONS**

17. At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

18. At all material times herein, Defendants are a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.

19. Defendants disburse such consumer reports to third parties under contract for monetary compensation.

20. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals,

trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

21. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

22. On September 22, 2025, Plaintiff filed for chapter 7 bankruptcy ("Bankruptcy") in the Middle District of Florida, Tampa Division.

23. With his Bankruptcy Petition, Plaintiff included the Verizon account.

24. On November 22, 2025, Plaintiff entered into a Reaffirmation Agreement with Nissan, which was filed with the bankruptcy court.

25. On December 30, 2025, the bankruptcy court entered an Order of Discharge ("Discharge").

26. In other words, as of December 30, 2025, Plaintiff did not owe any monies to Verizon.

27. Despite this, as of August 2026, Equifax continued to report the Verizon account as past due  and owing on Plaintiff's credit report and file.

28. Further, as of August 2026, Defendants were failing to notate the Nissan account as reaffirmed on Plaintiff's credit reports and files.

29. On or about August 21, 2026, Plaintiff disputed the Verizon account to Equifax, and the Nissan Account to Equifax, Experian, and Transunion.

30. Defendants received Plaintiff's dispute.

31. In response to Plaintiff's dispute, Equifax removed the Verizon account

but failed to notate the Nissan account as reaffirmed.

32. In response to Plaintiff's dispute, Experian marked the Nissan account as reaffirmed.

33. In response to Plaintiff's dispute, Transunion failed to notate the Nissan account as reaffirmed.

## DAMAGES

34. As a result of Defendants' unlawful reporting of the Accounts, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the Accounts, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

35. Overall, Plaintiff suffered damage to her credit reputation as a result of Defendants' conduct.

36. Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

37. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

38. As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making further credit applications as she believed she would not be able

to obtain favorable credit terms as a result of Defendants' erroneous and continued reporting of the Accounts and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Accounts with late payment information resulting in the Account being reported as a derogatory, negative, or adverse account.

39. Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite being discharged from the debt and all financial responsibility regarding the Verizon Account and reaffirming the Nissan Account, Plaintiff must simply endure Defendants' unlawful reporting of the Account.

## COUNT TWO: FAIR CREDIT REPORTING ACT – VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)

Plaintiff re-alleges paragraphs one (1) through thirty-nine (39) as if fully restated herein and further states as follows:

40. Defendants are subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

41. Defendants willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Accounts.

42. Despite Plaintiff being discharged from the Verizon Account on, Equifax failed to mark the Verizon account as "Included in Ch. 7 Bankruptcy".

43. Despite Plaintiff entering into a Reaffirmation Agreement with Nissan, Defendants failed to notate the Account as reaffirmed on Plaintiff's credit files and reports.

44. Overall, Defendants willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when investigating/re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her credit reports and credit file.

45. Defendants' violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE**
**SECTIONS 1681i(a)(1), i(a)(4), and i(a)(5)**

Plaintiff re-alleges paragraphs one (1) through thirty-nine (39) as if fully restated herein and further states as follows:

46. Defendants are subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable investigations/re-investigations of Plaintiff's disputes to determine whether

the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (3) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

47. Specifically, Defendants willfully and/or negligently refused to properly investigate/re-investigate Plaintiff's consumer reports upon receiving Plaintiff's dispute, as described herein.

48. Defendants' violations of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Defendants for maximum statutory damages for violations of the FCRA;

b. Actual damages in an amount to be determined at trial;

c. Compensatory damages in an amount to be determined at trial;

d. Punitive damages in an amount to be determined at trial;

e. An award of attorney's fees and costs; and

f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Jon P. Dubbeld*
Jon P. Dubbeld, Esq., FBN 105869
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*